**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-31379**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DONALD JOSEPH REAUX,**

**Defendant-Appellant.**

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CR-71-1-R
--------------------
November 13, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Donald J. Reaux appeals from his convictions, following a jury trial, of bank robbery and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2113(a) and 924(c)(1).

Reaux contends that the district court erred by denying, without a hearing, his motion to exclude expert testimony regarding fingerprint evidence, under the standard of Daubert v. Merrill-Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Under FED. R. EVID. 702, "the trial judge must ensure that any and all scientific testimony . . . is not only relevant, but reliable." Daubert, 509 U.S. at

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

589. <u>Daubert</u> "offered an illustrative, but not an exhaustive, list of factors that district courts may use in evaluating the reliability of expert testimony." <u>Pipitone v. Biomatrix, Inc.</u>, 288 F.3d 239, 244 (5th Cir. 2002) (citing <u>Daubert</u>, 509 U.S. at 593). The <u>Daubert</u> inquiry is "flexible" and does not "constitute a 'definitive checklist or test.'" <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 150 (1999). This court reviews the admission of expert evidence for abuse of discretion. <u>United States v. Norris</u>, 217 F.3d 262, 268 (5th Cir. 2000).

In Reaux's case, the district court relied on <u>United States v. Havvard</u>, 260 F.3d 597 (7th Cir. 2001), a Seventh Circuit case in which that court held that the district court had complied with <u>Daubert</u> in admitting fingerprint evidence. The district court noted several factors cited in <u>Havvard</u> in support of admitting fingerprint evidence under <u>Daubert</u>'s standard. No abuse of discretion is evident. In any event, any error with respect to the admission of the fingerprint evidence is harmless, because, even without such evidence, the case against Reaux was overwhelming. <u>See</u> <u>United States v. Wise</u>, 221 F.3d 140, 157 (5th Cir. 2000), <u>cert.</u> <u>denied</u>, 532 U.S. 959 (2001); <u>United States v. Skillern</u>, 947 F.2d 1268, 1274 (5th Cir. 1991); FED. R. CRIM. P. 52(a).

The convictions are **AFFIRMED**.